# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-CR-0157-001-CVE |
| v. ) | |
| ) | USM Number: 09609-062 |
| LAWRENCE SAMUELS, JR., ) | |
| a/k/a Michael Douglas Lewis ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 750 (Dkt. # 113). Defendant moves for reduction of sentence under Amendment 750, arguing that Freeman v. United States, 131 S.Ct. 2685 (2011), and statutory penalty reductions brought about by the Fair Sentencing Act of 2010 (FSA), 124 Stat. 2372 (2010), open the door for the Court to reconsider a reduction of sentence under § 3582(c).

At sentencing, the Court imposed a term of 210 months imprisonment following defendant's plea of guilty to a single count indictment charging possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The guideline calculation resulted in an offense level of 26. USSG §2D1.1. Application of Amendment 750 would alter the offense level in §2D1.1(c). Specifically, defendant possessed with intent to distribute 9.35 grams of cocaine base. According to the Amendment 750-revised drug table found at §2D1.1(c), 9.35 grams of cocaine base calls for an offense level 18. However, the Court found, that defendant was a §4B1.1 career offender, which increased the offense level to level 34 (PSR, ¶ 22). A two-point reduction for acceptance of responsibility resulted in a total offense level 32. Pursuant to §4B1.1(b),

if the offense level for a career offender is greater than the offense level otherwise applicable, the career offender offense level shall determine the guideline range.

Amendment 750 revised §2D1.1(c) and reduced the offense level for the offense of conviction, but the total offense level remains at level 32 because the career offender guideline trumps the calculated §2D1.1(c) offense level. Although Amendment 750 is applicable and reduces the offense level under §2D1.1(c), Chapter Four guidelines provide for the same offense level as originally applied. In imposing the instant sentence, the Court accepted a Rule 11(c)(1)(A) plea agreement. Defendant is mistaken that the Supreme Court's decision in Freeman will alter this outcome. Freeman held that Rule 11(c)(1)(C) agreements do not automatically render a defendant ineligible for a § 3582(c) reduction. The Supreme Court concluded that if the district court expressly used a guideline sentencing range applicable to the charged offense to establish the range of imprisonment, and that range was subsequently lowered by the Sentencing Commission, the prison term is "based on" the range employed and the defendant may be eligible for sentence reduction under § 3582(c). Freeman, 131 S. Ct. at 2689.

Amendment 750 does not, by virtue of the §4B1.1 career offender enhancement, change the calculated guideline sentencing range. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996). Further, passage of the FSA, which took effect on August 3, 2010, does not reduce defendant's statutory exposure or guideline calculation because the Act is not retroactive for defendants who were sentenced before the Act's effective date. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010), overruled in part by Dorsey v. United States, 132 S.Ct. 2321, 2326, 2335 (2012). See

also United States v. Barnett, 490 Fed. App'x 170, 172 (10th Cir. July 31, 2012).[1] The Supreme Court's decisions in Dorsey, which stands for the narrow proposition that the lower mandatory minimum provisions of the FSA apply to defendants who committed their offense before the effective date but were sentenced after the FSA took effect, is likewise of no assistance in this matter. Dorsey, at 2336.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See Trujeque, 100 F.3d at 871.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to § 3582(c) (Dkt. # 113) is **dismissed for lack of jurisdiction**.

**DATED** this 20th day of February, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

3